**Steven C. VOGT, Respondent,**

v.

**CARRIAGE HILLS GOLF CLUB, Defendant,**

**Orrin Thompson Homes, Appellant.**

No. C0–87–1575.

Court of Appeals of Minnesota.

Feb. 2, 1988.

David Snoeyenbos, Eagan, for respondent.

Joseph E. Lulic, Minneapolis, for defendant.

Virginia Bell, Maslon, Edelman, Borman & Brand, Minneapolis, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

This is an appeal from a court trial in which judgment was entered against appellant in the amount of $540. Appellant argues that the evidence was insufficient as a matter of law to support the trial court's finding of fraudulent misrepresentation.

## FACTS

Respondent Steven Vogt purchased a home in February 1986, which is located along the 12th hole of the Carriage Hills golf course. After the purchase, errant golf balls struck and damaged the aluminum siding of the house. Vogt brought an action in conciliation court against Carriage Hills and appellant Orrin Thompson Homes, seeking damages in the amount of $540, which resulted in a judgment against Carriage Hills. Carriage Hills appealed the conciliation court ruling to county court and filed a cross claim against Orrin Thompson. On January 26, 1987, the matter was tried to the court and judgment was entered against Orrin Thompson in the amount of $540 on the theory that its agent had made fraudulent misrepresentations regarding the potential of damage to the home from golf balls. Orrin Thompson appeals.

The claimed misrepresentations were made by Kim Cox, an agent of appellant. At the trial, Vogt testified that he questioned Cox regarding potential problems with golf balls striking the aluminum siding, and that Cox responded by stating that there wouldn't be any problem because she "assumed it would have been checked out." The trial court found that both the appellant and Vogt were aware of the potential harm to Vogt's home due to golf balls, but that this was not sufficient to preclude Vogt's recovery. The court went on to find appellant liable on the grounds of misrepresentation.

## ISSUE

Was the evidence sufficient to support the trial court's finding of liability based on misrepresentation?

## ANALYSIS

In reviewing the sufficiency of the evidence, this court will not set aside the trial court's findings unless they are clearly erroneous, with due regard being given to the opportunity of the trial court to evaluate the credibility of the witnesses. Minn. R.Civ.P. 52.01.

Based on the testimony of Vogt, the trial court found that there had been a misrepresentation, stating:

From the evidence presented it is clear that the Orrin Thompson sales person stated that she "assumed" the possibility of damage by golfers "had been checked out." Although Orrin Thompson argues that the statement was merely speculation, the court is not persuaded. The statement was made to facilitate sale of the property. The buyers bought the property based in part on the "assumption" of the sales person. The possibility of balls striking the property had not been checked out. Clearly, the representation was false, the buyers relied on it,

and damages were caused due to their reliance.

Essential to a finding of misrepresentation are the elements of justifiable reliance and inducement. *Hafner v. Ritzinger*, 256 Minn. 196, 97 N.W.2d 839 (1959). Appellant argues that these elements were not present.

The only evidence regarding potential reliance is the testimony of respondent, as follows:

A. When we were looking at it and my wife and I were thinking of purchasing that lot, I asked her what—if there would be any problem with—because of the aluminum siding, if by chance any balls would hit the house.

Q. So, you had that concern as soon as February when you moved in, is that correct?

A. Yes. I asked her if there would be a problem with any golf balls hitting the aluminum siding, denting the siding.

Q. How did she respond?

A. Her response to me was that she felt that there would not be any problem because she assumed it would have been checked out. That's what she said.

In order to establish reliance, respondent needs to show that he in fact relied on the misrepresentation. The Restatement comments to the general rule regarding reliance state:

If the recipient does not in fact rely on the misrepresentation, the fact that he takes some action that would be consistent with his reliance on it and as a result suffers pecuniary loss, does not impose any liability upon the maker.

Restatement (Second) of Torts § 537 Comment a (1977). A thorough review of the record reveals no evidence to show that Vogt in fact relied on the statements.

Even if Vogt could show that he in fact relied upon the statement, his reliance is not justified when the statement is one of opinion. In the present case, Cox's statement that she "assumed" the problem had been checked indicates that there was some doubt as to her belief in whether the problem had been checked out. Reliance on this opinion, without any expressions of certainty, would not be justified. *See* Keeton, *Fraud—Misrepresentations of Opinion*, 21 Minn.L.Rev. 643 (1937). These facts do not support a finding of justifiable reliance.

## DECISION

The trial court erred as a matter of law in finding justifiable reliance on these facts. We reverse.

Reversed.